# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| FRANK SNYDER and VICKIE SNYDER,<br><br>    Plaintiff,<br><br>vs.<br><br>PACIFICORP,<br><br>    Defendant.<br><br>───────────────<br><br>PACIFICORP,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>SALT LAKE VALLEY SAND & GRAVEL, INC.,<br><br>    Third-Party Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:03CV811DAK |

This matter is before the court on Defendant and Third-Party Plaintiff PacifiCorp's

Motion for Partial Summary Judgment against Salt Lake Valley Sand & Gravel, Inc.'s

("SLVS&G").  The court held a hearing on the motion on October 18, 2005.  At the hearing,

PacifiCorp was represented by Rick Rose, and Third-Party Defendant SLVS&G was represented

by Tim Dunn and Rick Sorensen.  Having fully considered the motion and memoranda submitted

by the parties and the facts and law relevant to this motion, the court enters the following

Memorandum Decision and Order granting PacifiCorp's motion..

## BACKGROUND

Plaintiff Frank Snyder, an employee of  Third-Party Defendant Salt Lake Valley Sand

and Gravel ("SLVS&G"), was burned when a crane boom operated by his son made contact with

an overhead power line, which was owned by Defendant and Third-Party Plaintiff PacifiCorp.

Snyder was standing on the transport trailer handling the lifting chain and hook that would be

attached to the wreckage when the crane boom made contact with the overhead power line.

After receiving benefits under SLVS&G's workers' compensation insurance for his

injuries, Snyder filed this lawsuit against PacifiCorp alleging that PacifiCorp owed him a duty to

design, construct, and maintain its electric transmission lines, protecting system, and grounding

system in such a manner as to avoid injuries to others, including him.  Snyder alleges that

"[w]hen the crane's boom or cable contacted [PacifiCorp's] power line, [PacifiCorp's] protection

and/or grounding system failed to de-energize the line, and that failure resulted in serious

injuries to Plaintiffs."  Compl. ¶ 7.

PacifiCorp, in turn, filed a Third-Party Complaint against SLVS&G for indemnification,

alleging that SLVS&G failed to notify it that Snyder would be performing work near overhead

power lines as required by the High Voltage Overhead Lines Act ("HVOLA"), Utah Code

Annotated Section 54-8c-2 (2000).  The HVOLA requires notification to the public utility of all

work to be performed near overhead power lines and, in the absence of notice, indemnification

of the public utility for "all liability incurred."  *Id.*  "No person or thing may be brought within

10 feet of any high voltage overhead line unless: (a) a responsible party has notified the public

2

utility operating the high voltage overhead line of the intended activity; and (b) a responsible party and the public utility have completed mutually satisfactory precautions for the activity." *Id.* § 54-8c-2(1).   It is undisputed that prior to the accident, SLVS&G did not notify PacifiCorp that Snyder would be performing work near the overhead power lines in question.

SLVS&G previously moved the court to dismiss PacifiCorp's Third-Party Complaint on the grounds that it was barred by the exclusive remedy provision of the Utah Workers' Compensation Act ("WCA").  The court ruled that the WCA's exclusive remedy provision did not bar PacifiCorp's indemnity claim brought pursuant to the HVOLA.

PacifiCorp now moves the court for partial summary judgment against SLVS&G arguing that there is no genuine issue of material fact that SLVS&G failed to comply with the notice requirement of the HVOLA and was a responsible party as defined in the HVOLA.

## DISCUSSION

The main dispute in this case is whether the HVOLA requires SLVS&G to indemnify PacifiCorp.  First, therefore, the court must determine whether SLVS&G is a responsible party under the HVOLA subject to the notification requirements.  A "responsible party" is defined under the HVOLA as "any person who contracts to perform, is responsible for the performance of, or has control over any function or activity at any location."  Utah Code Ann. § 54-8c-1(6).

SLVS&G argues that genuine issues of material fact exist with regard to whether SLVS&G had control over the work performed by Snyder.  Snyder's brother testified that the accident should have never happened and that Frank should have known better.  David Balls also testified that Frank Snyder told him that it was his "own damn fault."  SLVS&G claims that this evidence creates a disputed issue of fact with respect to whether Snyder was working within the

3

scope of his employment.

The issue, however, is not whether Snyder was acting within the course and scope of his employment but whether SLVS&G is a responsible party under HVOLA. It is undisputed that Snyder was conducting work he generally performs for SLVS&G, the incident occurred on SLVS&G's property, during work hours, while Snyder was on the clock, and Snyder was ordered to perform the work by his supervisor. SLVS&G was responsible for the work being performed and in control of such work. Therefore, the court concludes that the undisputed facts in the record demonstrate that SLVS&G was a responsible party as a matter of law.

It is further undisputed that SLVS&G did not provide the required notification to PacifiCorp. In the absence of the required notification, the HVOLA requires the responsible party to indemnify the utility. "A responsible party is liable to the public utility operating a high voltage overhead line for all . . . liability incurred by the public utility as a result of any contact if: (a) the responsible party causes, permits, or allows a function or any activity in violation of any provision of this chapter; and (b) as a result, a physical or electrical contact with a high voltage overhead line occurs. *Id.* § 54-8c-4.

In this case, SLVS&G and its employees operated equipment within 10 feet of the high voltage overhead line because the crane boom actually contacted the overhead line. And, as a result of that contact, Snyder was injured.

SLVS&G, however, contends that the statutory indemnification provision in HVOLA should be construed in the same manner as a contractual indemnity provision and, under Utah law, the indemnity provisions in the HVOLA are not specific enough to require it to indemnify PacifiCorp for PacifiCorp's negligence and strict liability. The Utah Supreme Court has

4

determined that a contractual indemnification provision "which purports to make a party respond

for the negligence of another should be strictly construed." *Freund v. Utah Power & Light Co.*,

793 P.2d 362 (Utah 1990).  The court has further stated that "we will not infer an intention to

indemnify against other kinds of liability, including strict liability, where such intention is not

clearly expressed."  *Bishop v. GenTec, Inc.*, 2002 UT 36, ¶ 19.

Although SLVS&G asserts that the HVOLA provides only a general indemnification and

does not clearly and expressly state that a responsible party is liable for a utility's own acts of

negligence and strict liability, the HVOLA broadly states that the responsible party must

indemnify the public utility "for all liability incurred."  This language has been interpreted by

other courts interpreting similar statutes to require indemnity even when the utility is negligent.

*See Tucson Elec. Power Co. v. Dooley-Jones*, 746 P.2d 510, 512 (Ariz. Ct. App. 1988) ("[T]he

legislature intended that utilities in situations such as the one in this case be indemnified even if

they were also negligent."); *Moore v. Southwestern Elec. Power Co.*, 737 F.2d 496, 500 (5th Cir.

1984); *Travelers Ins. Co. v. Panama-WIlliams, Inc.*, 424 F. Supp. 1156, 1162 (N.D. Okl. 1976).

To read the HVOLA otherwise would render it meaningless.  If the utility is not found negligent,

it has no liability and does not need indemnity.

Requiring a responsible party to indemnify the utility for its own negligence is justified

because the "person or entity performing the work is in the best position to prevent the

injury–whether caused by its negligence or that of the utility–by giving notice so that appropriate

protective measures may be taken."  *Tucson Elec. Power Co. v. Swengel-Robbins Const. Co.*,

737 P.2d 1385, 1387 (Ariz. 1987).  In other words, if the provisions of the HVOLA are followed,

no accident would occur regardless of whether the utility was negligent.  Thus, even if

PacifiCorp's conduct could be construed as negligent, it is entitled to be indemnified as a matter of law under the provisions of the HVOLA.

SLVS&G further analogizes the Governmental Immunity Act to the HVOLA and asserts that if municipal utilities are not entitled to indemnification with regard to the municipality's own negligence then neither is PacifiCorp. *See Laney v. Fairview City,* 2002 UT 79 (determining that a municipality is not immune from suit based on the Governmental Immunity Act if a municipal utility is negligent in maintaining power lines.). However, the court does not find these cases relevant to a determination of SLVS&G's potential indemnity obligation to PacifiCorp because of the differences between the HVOLA and the Government Immunity Act.

Under the provisions of the HVOLA, SLVS&G argues that if the public utility is negligent in maintaining its lines, the responsible party is not obligated to pay for precautions. The HVOLA provides that responsible parties are "obligated to pay to the public utility operating the high voltage overhead line the cost of mutually satisfactory precautions, except if: . . . . (b) the public utility operating the line has not installed the line in conformance with the National Electric Safety Code or its preceding code in effect at the time the line was constructed." Utah Code Ann. § 58-8c-2(5).

This section of the HVOLA, however, pertains to the payment of necessary protective measures once appropriate notice is given to the utility. It does not pertain to the responsible party's indemnity obligations as a result of not giving the utility notice of work taking place within ten feet of the power line. If the responsible party notifies the public utility that it may perform work within the vicinity of the power line, both the responsible party and the public utility are obligated to take "mutually satisfactory precautions." Utah Code Ann. § 54-8c-2. The

responsible party is obligated to pay for the cost of such precautions unless "the public utility . . . has not installed the line in conformance with the National Electric Safety Code." *Id.* This exception, however, does not relate to the responsible party's obligation to indemnify the utility for "all liability incurred" if the responsible party fails to properly notify the public utility of the proposed work.

At the hearing on this matter, SLVS&G raised for the first time the argument that SLVS&G need not notify PacifiCorp under the requirements of the HVOLA because it did not "intend" that Snyder would conduct work within ten feet of the high voltage overhead line. The Texas Court of Appeals rejected a party's argument that the word "possible" in a similar Texas statute was unconstitutionally vague and found that summary judgment was proper not because the worker "might possibly have brought material within six feet of the line, but because he *did* so." *Chavez v. City of San Antonio*, 21 S.W.3d 435, 440 (Tex. Ct. App. 2000) (emphasis in original).

Likewise, this court finds SLVS&G's argument regarding intent unpersuasive. SLVS&G intended that the work be completed and it was ultimately responsible for and in control of the work. When the work proceeded to occur near the power line, SLVS&G had a duty to stop work and notify PacifiCorp. Because it is undisputed that SLVS&G did not notify PacifiCorp of such work, SLVS&G is liable to PacifiCorp for all liability incurred by PacifiCorp as a result of Snyder's alleged injuries from the contact with PacifiCorp's high voltage overhead line.

**CONCLUSION**

Based upon the above reasoning, Third-Party Plaintiff PacifiCorp's Motion for Partial

Summary Judgment is GRANTED.

DATED this 24th day of October, 2005.

BY THE COURT:

DALE A. KIMBALL
United States District Judge